# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOVAN WALKER and DAVID WALKER,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-cv-350 (TSC) |
| **NATIONSTAR MORTGAGE LLC, et al.,** | ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM OPINION</u>

*Pro se* plaintiffs Jovan and David Walker bring this action against the following defendants: Nationstar Mortgage, LLC; Wells Fargo Bank, NA; Citibank, NA; Buonassissi, Henning & Lash, PC; Robert E. Kelly, Esquire; Richard A. Lash; Barry K. Bedford,[1] and Does 1- 10.  The basis of Plaintiffs' sixty-seven page complaint is the alleged illegal foreclosure of their property located in Abingdon, Maryland.  Plaintiffs assert claims pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq*., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  (Compl. at pp. 32, 52).  Plaintiffs also purport to bring claims for the alleged violation of a Consent Judgment signed by multiple financial entities, including defendants Wells Fargo and Citibank in *United States v. Bank of America*, 12-cv-361-RMC (D.D.C 2012). (Compl. at ¶¶ 2, 18-20, 61).   Finally, Plaintiffs appear to raise various state law claims, (Compl. at pp. 32, 37, 43, 47-49, 50), and a due process claim.  (Compl. at pp. 44, 46-47).

---

[1] The website of law firm defendant Buonassissi, Henning & Lash, PC, lists defendants Kelly, Lash and Bedford as attorneys at the firm.

Presently before the court are motions to dismiss by both Nationstar and Wells Fargo.[2]

For the reasons set forth below, the court will dismiss this action in its entirety.

## A. FALSE CLAIMS ACT

Both Nationstar and Wells Fargo seek dismissal of Plaintiffs' claims brought pursuant to

the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*  Such suits are also called *qui tam* actions

and, as the Defendants correctly point out, *pro se* parties may not pursue these actions on behalf

of the United States.

> In *Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 12 (D.D.C. 2003), this Court held that a relator in a *qui tam* action under the FCA may not proceed *pro se.*  Judge Walton explained that although a *qui tam* relator has an interest in the action, the real party in interest in such a case is the United States, regardless of whether the government chooses to intervene. *Id.* at 16 (citing *United States v. Onan,* 190 F.2d 1, 4, 6 (8th Cir. 1951) and *Zissler v. Regents of Univ. of Minn.,* 154 F.3d 870, 872 (8th Cir. 1998)).  Because the outcome of such an action could have claim-or issue-preclusive effect on the United States, "[t]he need for adequate legal representation on behalf of the United States is obviously essential." *Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d at 16.  In this respect *qui tam* suits are analogous to class actions and shareholder derivative suits, where courts have required persons suing on behalf of others to retain counsel. *See id.* (citing *Phillips v. Tobin,* 548 F.2d 408, 411 (2d Cir. 1976) (holding that a stockholder cannot represent the corporation without an attorney) and *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that qualified counsel is needed to adequately represent the interests of the class)).

*U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196-97 (D.D.C. 2005).

In their response,[3] Plaintiffs do not address the issue of whether they are permitted to

bring a FCA claim *pro se.*  Instead, they point to the FCA provision which provides that

---

[2] The remaining Defendants have not entered an appearance.  Indeed, there is no evidence in the record that these remaining defendants, Citibank, Buonassisi, Henning & Lash, PC, Robert E. Kelly, Richard A. Lash or Barry K. Bedford, have been served.

[3] Plaintiffs filed a responsive brief captioned "Plaintiff's Memorandum of Points and Authorities in Support of Opposition to Defendant <u>Wells Fargo Bank, NA's</u> Motion to Dismiss the Petition for Declaratory and Injunctive Relief."  (ECF No. 10) (emphasis added).  Although the title of the brief indicates that it served as a response solely to the Wells Fargo motion, Plaintiffs

> [a] person may bring a civil action for a violation of [the FCA] for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

31 U.S.C.A. § 3730(b)(1) (emphasis added); (*see* ECF No. 10 at p. 1).  Plaintiffs also assert a general right to proceed *pro se* in federal court.  (*See id.*) (citing *Faretta v. California*, 422 U.S. 806 (1975)).

Plaintiffs' response fails to address the problem identified by the Defendants.  While the FCA allows "a person" to bring an action on behalf of the United States, Plaintiffs have not cited any legal authority which provides that a *pro se* person has the same authority.  Because Plaintiffs have not set forth a viable argument as to why this court should not follow the precedent in this District that the court finds persuasive, and that prohibits *pro se* parties from bringing FCA claims, the court will dismiss the claim without prejudice.  *See U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 197 (D.D.C. 2005) ("Relator has offered no reason why this Court should not follow [the precedent in this district] and the Court sees none. The Court therefore holds that plaintiff may not maintain this suit as a *qui tam* relator without the assistance of counsel.").

### B.  DUE PROCESS

Plaintiffs have not pled a viable due process claim.  They have named no governmental entities, nor have they asserted any facts which might tend to show governmental action.  Rather, Plaintiffs allege that certain private defendants violated a Consent Judgement entered into

---

included substantive arguments in the brief that address the motions filed by both Wells Fargo and Nationstar.  Therefore, the court will read the brief to apply to the motions filed by both of those defendants.

between the United States and numerous financial institutions regarding mortgage foreclosures. Plaintiffs also allege that these same private defendants failed to file and/or disclose the proper documents necessary to proceed with the foreclosure proceeding.  Such allegations do not establish a due process violation because "private citizens, acting in their private capacities, cannot be guilty of violating due process rights."  *Canadian Transp. Co. v. United States*, 663 F.2d 1081, 1093 (D.C. Cir. 1980).  Accordingly, the court will dismiss Plaintiffs' due process claim.

### C. **CONSENT JUDGMENT**

As both Wells Fargo and Nationstar point out, the Consent Judgement entered in *United States v. Bank of America*, 12-cv-361-RMC (D.D.C 2012) does not create a cause of action for Plaintiffs in this case, who are not parties to the Judgment.  Rather, the Consent Judgement

> requires [that] named financial service entities . . . comply with certain loan servicing standards and further provides that obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia.  [Moreover,] [t]he . . . Judgment limits any enforcement actions to "any Party to this Consent Judgment or the Monitoring Committee" [and] . . . . does not create a private right of action allowing third parties, such as the plaintiff[s], to bring claims for alleged violations of the Judgment ….

*McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 50, 54 (D.D.C. 2014) (citations omitted) (emphasis added), *aff'd* 602 F. App'x 836 (D.C. Cir. 2015); *see also Rafferty v. NYNEX Corp.,* 60 F.3d 844, 849 (D.C. Cir. 1995) ("Unless a government consent [judgment] stipulates that it may be enforced by a third party beneficiary, only the parties to the [judgment] can seek enforcement of it."); *Beckett v. Air Line Pilots Ass'n,* 995 F.2d 280, 288 (D.C. Cir. 1993) ("Only the Government can seek enforcement of its consent [judgment] . . . therefore, even if the Government intended its consent [judgment] to benefit a third party, that party could not enforce it unless the

[judgment] so provided."); *Conant v. Wells Fargo Bank*, N.A., 24 F. Supp. 3d 1, 16 (D.D.C. 2014) (holding that individual mortgagors were not parties to the Consent Judgment in *United States v. Bank of America*).  Accordingly, Plaintiffs' Consent Judgement claim will be dismissed with prejudice.

### D.  <u>VENUE</u>

Both Wells Fargo and Nationstar argue that the court should dismiss this action for improper venue.  Once "an objection has been raised, the burden is on the plaintiff to establish that the district he or she chose is a proper venue . . . ."  *McCain*, 13 F. Supp. 3d at 51 (citing 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3826, at 502, 505-06 (4th ed. 2013)).

Plaintiffs' only remaining claims are for alleged violations of state law and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.  The FDCPA contains a very general venue provision: "[a]n action [by a debtor against a debt collector] to enforce any liability created by this subchapter may be brought <u>in any appropriate United States district court</u> without regard to the amount in controversy, or in any other court of competent jurisdiction. . . ." 15 U.S.C. § 1692k (emphasis added).[4]  The federal venue statute limits the reach of this general FDCP venue provision, however.  In most instances, the federal statute provides for residential venue or transactional venue:

(b) **Venue in general.**--A civil action may be brought in—

---

[4]  In contrast, the court notes that the FDCPA does contain a specific venue provision for <u>creditor</u> initiated cases against <u>debtors</u>.  *See* 15 U.S.C. § 1692i.

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;  . . . .

28 U.S.C. § 1391(b)(1) – (2).  If there is no district that will satisfy either the residential or transactional venue requirements, then a "fallback" provision provides for venue based on personal jurisdiction over the defendant.  *See 28* U.S.C. § 1391(b)(3)("[I]f there is no district in which an action may otherwise be brought as provided in this section, [venue is appropriate in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.")

Here, Plaintiffs have not pled any facts which might support transactional venue in the District of Columbia.  Plaintiffs allege a mortgage secured for a property in Maryland, mortgage servicing associated with that property, a foreclosure proceeding initiated in the state of Maryland, and other acts associated with Plaintiffs' Maryland property.  Moreover, based on the address listed in the Complaint, Plaintiffs currently live at the Maryland property that is the subject of the foreclosure.[5]  Because the transaction appears to have no connection to the District of Columbia, the Plaintiffs have not pled facts establishing that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Columbia or that "a substantial part of property that is the subject of the action is situated" in this jurisdiction.  *See* 28 U.S.C. § 1391(b)(2)

Likewise, Plaintiffs have not pled any facts that would establish residential venue.

_____

[5] The property at issue is located at 1201 Cotswold Court, Abingdon, MD 21009.  (*See* Compl. at p. 1; Compl. at Exs. B, D).

Individual defendants "shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1).  Plaintiffs have not provided any information about the domicile of the individual defendants and therefore the court is unable to evaluate whether venue based on residency is appropriate for the individual defendants in this case.

Similarly, Plaintiffs have not provided sufficient information to evaluate whether venue based on residency is appropriate for the corporate defendants.  Residency for entities is determined by personal jurisdiction.  Specifically:

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

28 U.S.C. § 1391(c)(2) (emphasis added).  Plaintiffs have not pled any facts linking personal jurisdiction of the corporate defendants to the District of Columbia "with respect to the civil action in question" here.  *See id.*  The only connection to the District of Columbia appears to be Plaintiffs' mistaken belief that they can bring a claim under the Consent Judgement, which requires that claims be brought in the District of Columbia.  As discussed above, however, Plaintiffs' purported Consent Judgement claims are not actionable.  Accordingly, Plaintiffs have not pled any facts that might suggest they can meet the residential venue requirements.

Finally, Plaintiffs have not pled any facts supporting venue in this district under the "fallback" venue provision.  In other words, Plaintiffs do not allege that the defendants are subject to personal jurisdiction in this district based the conduct challenged in the complaint.  *See* 28 U.S.C. § 1391(b)(3) ("[I]f there is no district in which an action may otherwise be brought as provided in this section, [a civil action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

When a case is filed in the wrong district, the district court where the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision of whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court.  *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C. Cir. 1983).  Rather than transfer the case, this court will exercise its discretion and dismiss this action case because Plaintiffs' remaining federal claim does not appear viable.

Pursuant to the FDPCA, "a 'debt collector' is any person in any business 'the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or <u>asserted to be owed or due another</u>.'"  *Hardy v. N. Leasing Sys., Inc.,* 953 F. Supp. 2d 150, 159–60 (D.D.C. 2013) (emphasis added) (citing 15 U.S.C. § 1692a(6)).  "Excluded from the FDCPA's coverage is activity that 'concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.'"  *Hardy*, 953 F. Supp. 2d at 160 (citing 15 U.S.C. § 1692a(6)(F)(iv)).  Thus, "creditors are not liable under the FDCPA."  *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003), *aff'd* 67 F. App'x 238 (4th Cir. 2003) (citations omitted).  Additionally, under the statute, a debt collector  "does not include—. . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . <u>concerns a debt which was not in default at the time it was obtained by such person</u>." 15 U.S.C. § 1692a(6)(F) (emphasis added).  In other words, if an entity was attempting to collect on the debt prior to default, then that entity is not a "debt collector" for purposes of the FDCPA.  *Parker v. BAC Home Loans Servicing LP*, 831 F. Supp. 2d 88, 93 (D.D.C. 2011).

Relying on this latter provision, Nationstar asserts that the mortgage at issue was not in default when the company began servicing the loan, and therefore the company is exempt from the FDCP's reach.  (*See* ECF No. 8 at p. 7).  However, Plaintiffs' fail to address this issue in their brief and the Complaint does not contain any allegations that the loan was in default when Nationstar began servicing the loan.  Rather, Plaintiffs allege that Nationstar's state court foreclosure action(s) were invalid because Nationstar cannot provide documentation that it "ever held possession of the [mortgage] note" and, therefore Nationstar is a "stranger" to the transaction that lacks "standing" to sue.  (*See, e.g.,* Compl. at pp. 16, 30, 36, 38).  Such allegations do not refute Nationstar's assertion that it began servicing the loan prior to default and, therefore, the company is not a "debt collector" for purposes of the FDCP.  In light of Plaintiffs' failure to address this argument, the court will treat the issue as conceded with respect to Nationstar.  *See Bravata v. Sec. & Exch. Comm'n*, Civil Action No. 14-1276 (TSC), 2015 WL 4077446, at *4 (D.D.C. July 6, 2015) (treating matter as conceded where plaintiff failed to respond to argument raised by defendant in its dispositive motion) (citation omitted); *see* LCvR 7(b) ("the court may treat [a] motion as conceded" when a party fails to file a memorandum in opposition to a motion).

Like Nationstar, none of the other Defendants appear to be "debt collectors" for purposes of the FDCPA.  Plaintiffs appear to allege some type of culpability by Wells Fargo partially on the basis that it was purportedly involved in managing a real estate mortgage investment conduit that held Plaintiffs' mortgage.  (Compl. at p. 9).  With respect to Citibank, Plaintiff alleges that the company is both an "assignee" of the mortgage and an "agent" of Wells Fargo.  (*See id.* at

pp. 9, 11).  None of these allegations indicate that either company was attempting to collect a debt or that they were "debt collectors" for purposes of the FDCPA.

Similarly, Plaintiffs do not provide any facts to support an inference that the law firm and lawyers named as defendants were debt collectors.  Instead, Plaintiffs simply allege that the law firm and lawyers acted as "agents" of Wells Fargo.  (Compl. at pp. 8, 20, 66-67).  The law firm defendant, Buonassissi, Henning & Lash, PC, is the firm that represented Nationstar in at least two of Plaintiff Jovan Walker's bankruptcy proceedings.  *See In re Walker*, 13-bk-29885 (D. Md. Bkr.) (ECF No. 30); *Walker v. Nationstar Mortgage, LLC*, 14-ap-247 (D. Md. Bkr.).  Moreover, it appears that Plaintiffs seek relief against the law firm and lawyers pursuant to the False Claims Act, rather than the FDCPA.  (*See* Compl. at pp. 58-61).  Accordingly, none of the facts alleged in the Complaint suggest that these defendants were debt collectors under the FDCP.

In the absence of any indication that Plaintiffs' claims against the defendants are actionable under the FDCP, which is the sole remaining federal claim, the court will exercise its discretion and dismiss this case for improper venue, rather than transfer this case.  *See Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010) *aff'd*, 442 F. App'x 570 (D.C. Cir. 2011) (citing *Phillips v. Seiter,* 173 F.3d 609, 610–11 (7th Cir. 1999) (holding that it is appropriate for district courts to take a "peek at the merits" when deciding whether a transfer is in the interests of justice); *Buchanan v. Manley,* 145 F.3d 386, 389 n. 6 (D.C. Cir. 1998) (finding no abuse of discretion where district court concluded that transfer would not be in the interests of justice where there were "substantive problems" with the plaintiff's claims)).

**E.**     <u>**CONCLUSION**</u>

For the reasons set forth above, the court will dismiss this action as against all defendants.  Plaintiffs' claims under the False Claims Act cannot go forward because Plaintiffs are proceeding *pro se*.  Those claims will be dismissed without prejudice.  Plaintiffs' due process claims are not viable because there is no allegation that any governmental action is involved here.  These claims will also be dismissed without prejudice.  Plaintiffs' purported Consent Judgement claims are not actionable and, therefore, will be dismissed with prejudice.  Finally, venue in the District of Columbia is improper and, therefore, Plaintiffs' FDCPA and state law claims will be dismissed without prejudice.  In all other respects, the Defendants' motions will be denied without prejudice.

**The Clerk of the Court shall mail a copy of this memorandum opinion using a typewritten envelope to:**

> **JOVAN and DAVID WALKER**
> 1201 Cotswold Court
> Abingdon, MD 21009

Date:  November 5, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge